IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCO GOMEZ,

      Plaintiff,                        No. 2:13-cv-0427 AC P

   vs.

INSTITUTIONAL GANG
INVESTIGATIONS UNIT, et al.,

      Defendants.                  <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

1    In this case, the plaintiff seeks damages in connection with his validation as a
2 gang member, which took place while plaintiff was housed at North Fork Correctional Center in
3 Sayre, Oklahoma, which is located in the Western District of Oklahoma.[1]  According to the
4 complaint, defendants include employees of the California Department of Corrections and
5 Rehabilitation ("CDCR") who appear to be located at North Fork, such as correctional officers
6 and the former warden.  See ECF No. 1 at 2.

7    A review of the complaint therefore reflects that all defendants may not be
8 residents of California, as would be required for venue in this district under 28 U.S.C. §
9 1391(b)(1).  Instead, venue is appropriate, under 28 U.S.C. § 1391(b)(2), in the Western District
10 of Oklahoma, a judicial district in which a substantial part of the events or omissions giving rise
11 to the claim occurred.

12    Therefore, plaintiff's claim should have been filed in the United States District
13 Court for the Western District of Oklahoma.  In the interest of justice, a federal court may
14 transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a);
15 Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

16    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
17 United States District Court for the Western District of Oklahoma.
18 DATED: April 9, 2013.

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] According to the complaint, plaintiff is currently housed at the California State Prison, Los Angeles County, which is located in the Central District of California.

2